## SOUTHERN PHOSPHATE CORPORATION v. PHOSPHATE RECOVERY CORPORATION.

### No. 6552.

Circuit Court of Appeals, Third Circuit.

Feb. 14, 1939.

William H. Davis and John F. Neary, both of New York City, and E. Ennalls Berl, of Wilmington, Del., for appellant.

Hugh M. Morris, of Wilmington, Del. (Robert H. Richards, of Wilmington, Del., and Henry D. Williams and Howard M. Morse, both of New York City, of counsel), for appellee.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the plaintiff, assignee of patent No. 1,467,354, granted September 11, 1923, to Niels C. Christensen, for "Process of Concentrating Oxidized Ores and Minerals", brought suit against defendant charging infringement by reason of defendant's practice of the process disclosed in the Chapman-Littleford patent.

The two patents, viz., Christensen's and Chapman-Littleford's, were considered by the court below in our No. 6498, 102 F.2d 791, and it was there held that Christensen did not anticipate Chapman-Littleford.

On hearing, this court, holding the Chapman-Littleford patent valid and infringed, affirmed the decree dismissing the bill. In view of the several opinions of the court below and of this court, we find no error in the court's dismissal of the present suit. Christensen's patent, made some eleven years before Chapman-Littleford's, made no impress on the art and as an alleged anticipation of the Chapman-Littleford patent wholly failed to measure up to the standard consistently maintained by this circuit, namely, "A patent relied upon as an anticipation must itself speak. Its specification must give in substance the same knowledge and the same directions as the specification of the patent in suit." Skelly Oil Co. v. Universal Oil Products Co., 3 Cir., 31 F.2d 427, 431.

So holding, the decree below is affirmed.

BIGGS, Circuit Judge (concurring).

The suit at bar was brought by the appellant alleging infringement by the appellee of claims 1, 2 and 3 of the Christensen Patent No. 1,467,354, referred to in the dissenting opinion filed in No. 6498. In my opinion the appellee's processes do not infringe the Christensen patent for the following reasons:

First, it appears from the proceeding on Christensen's application comprising the file wrapper of the patent in suit that he lays great emphasis upon the fact that though neutral pulps may have been used in flotation processes theretofore, no flotation process is described in literature in which a neutral pulp is specified as being essential to the successful operation of the process as in the process described by him.

802

It appears from the record of the case at bar that the pulp employed by the appellee is not neutral but is alkaline to some degree.

Second, it likewise appears from the file wrapper of the Christensen patent that Christensen specifies the "use of a proportion of oily agent to from 10-15% of the weight of the non-silicate oxydized minerals * * *" to be recovered. The appellee in its process uses an amount of oil which is from ½ to 1% the amount of phosphates to be recovered.

Though these statements in Christensen's application will not serve the appellee as the basis for an estoppel, none the less the interpretation put by Christensen upon his own processes under the circumstances of the case at bar is a binding interpretation upon the court.

Third, Christensen makes plain that iron may not be used in the carrying out of his procedure. The appellee makes use of iron throughout the course of the process employed by it.

Fourth, Christensen also makes plain that his process may take place only when the pulp is "* * * free from electrolytes which prohibit the selective formation of oil-mineral floccules containing non-siliceous materials." He also points out that most electrolytes are harmful. Electrolytes are certainly present in the appellee's pulp. Soap is also present and its presence is strictly prohibited by the specifications of Christensen's patent.

I am therefore of the opinion that the appellee's processes do not infringe Christensen's patent or the claims sub judice and I therefore concur in the ruling of the majority of the court that the bill of complaint was correctly dismissed and that the decree of the court below should be affirmed.